Case 4:25-cv-01363   Document 22   Filed on 08/06/25 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
August 07, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **CHRISTOPHER DURELL BOBINO,** § <br> Plaintiffs, § <br> § <br> VS. § <br> § <br> **PNC BANK NATIONAL ASSOCIATION,** § <br> Defendants. § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 4:25-cv-1363 |

## ORDER

Before the Court is Plaintiff Christopher Durell Bobino's Petition to Vacate Arbitration Award (Doc. 1, Ex. A) and Defendant PNC Bank National Association's Counterclaim to Confirm Arbitration Award (Doc. 4). Having reviewed the motions, the applicable law, and the related filings, the Court hereby **DENIES** Plaintiff's petition, and **GRANTS** Defendant's request to confirm the arbitration award.

Judicial review of arbitration awards under the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16, is among the most deferential standards in American law. Courts do not review the merits of the arbitrator's decision, nor do they reconsider factual findings or legal conclusions, even for clear errors. Instead, as the Supreme Court has repeatedly emphasized, the FAA permits vacatur only in extraordinarily limited circumstances expressly enumerated in 9 U.S.C. § 10(a): where the award was procured by corruption, fraud, or undue means; where there was evident partiality or misconduct by the arbitrator; or where the arbitrator exceeded their powers or so imperfectly executed them that a final award was not made. *Hall St. Assocs., L.L.C. v. Mattel, Inc.,* 552 U.S. 576, 584 (2008).

Review of an arbitration award is exceedingly deferential, and courts "should . . . resolve[] any doubt or uncertainty in favor of upholding the award." *Brabham v. A.G. Edwards & Sons Inc.,* 376 F.3d 377, 385 n.9 (5th Cir. 2004). Moreover, the party challenging an arbitration award has the burden of proof to show that one of the statutory grounds for vacatur exists. *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 288 (5th Cir. 2004). Absent such a showing, courts must confirm arbitration awards under 9 U.S.C. § 9, which provides that confirmation is mandatory if no statutory basis for vacatur exists.

The record shows that Plaintiff initiated arbitration proceedings against PNC Bank on April 17, 2024, alleging identity theft, forgery, and other claims related to the denial of his $25,000 line of credit application. Doc. 1 at 78, Ex. P-7. The American Arbitration Association appointed Bertrand C. Moser as the neutral arbitrator. Doc. 1 at 268, Ex. P-34. Following a preliminary hearing on September 3, 2024, the arbitrator ordered a documents-only proceeding pursuant to AAA Consumer Rule R-29. Doc. 1 at 85, Ex. P-9. On November 11, 2024, the arbitrator issued a Final Award denying all of Plaintiff's claims. Doc. 1 at 27, Ex. P-1

Plaintiff seeks to vacate the arbitration award under 9 U.S.C. § 10(a), arguing that the arbitrator exhibited evident partiality by disregarding key evidence including Plaintiff's affidavit (Doc. 1 at 66, Ex. P-4) and amended pleading. However, the record demonstrates that the arbitrator did consider Plaintiff's submissions but found them insufficient to establish wrongdoing by PNC. Doc. 1 at 28, Ex. P-1. Judicial precedent makes clear that allegations of partiality require a showing of actual bias, which Plaintiff has failed to demonstrate. *Positive Software Sols., Inc. v. New Century Mortg. Corp.,* 476 F.3d 278, 281 (5th Cir. 2007). "To establish evident partiality based on actual bias, the party urging vacatur must produce specific facts from which 'a reasonable person would have to conclude that the arbitrator was partial to one party.'" *Householder Group*, 354 F. App'x

at 852 (quoting *Weber v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 455 F. Supp. 2d 545, 550 (N.D. Tex. 2006) (citations and internal quotations omitted)). No such facts have been provided here.

First. Plaintiff contends that the arbitrator demonstrated partiality when he disregarded his amended pleading (Doc. 1 at 88, Ex. P-10) and instead relied on claims not contained therein, violating due process (Doc. 15 at 2–3). However, the arbitrator's award explicitly references Plaintiff's allegations—including identity theft and forgery—as articulated in both the original demand and the amended pleading. Doc. 1 at 27, Ex. P-1. The FAA does not require arbitrators to adopt a party's preferred framing of claims, only to address the substance of the dispute. *See Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 572 (2013) (arbitrators need only interpret the parties' agreement). Plaintiff's assertion of "evident partiality" fails because he offers no evidence of bias beyond the arbitrator's adverse rulings, which alone are insufficient. *See Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 476 F.3d 278, 281–82 (5th Cir. 2007) (requiring "concrete facts" showing bias).

Second, Plaintiff contends that the arbitrator violated AAA procedures by prematurely closing the hearing without first confirming whether the parties had additional evidence to submit, as purportedly required by Rule R-40. Doc. 1 at 208, Ex. P-22. The Court finds this argument unpersuasive because the arbitrator expressly conducted the arbitration as a documents-only proceeding under AAA Rule R-29. Doc. 1 at 85, Ex. P-9. Additionally, the record shows Plaintiff had multiple opportunities to submit evidence. Doc. 1, Ex. P-19, P-22.

Third, Plaintiff argues that the arbitrator violated his Scheduling Order (Doc. 1 at 85, Ex. P-9) by not compelling PNC to produce security footage, which he deems critical (Doc. 12 at 3–5). While Plaintiff correctly notes that electronically stored information falls under Fed. R. Civ. P. 34,

arbitration discovery is inherently limited. The arbitrator retains discretion to deny requests deemed irrelevant or burdensome under AAA Consumer Rule R-22(b), which permits objections to discovery that is "unreasonably cumulative or duplicative." The arbitrator's conclusion that Plaintiff sought a "fishing expedition" (Doc. 1 at 27, Ex. P-1) was a permissible exercise of this discretion, particularly where Plaintiff failed to articulate how the footage would substantiate his claims. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 85 (2002) (arbitrators determine procedural questions, including discovery disputes).

Fourth, Plaintiff asserts that the arbitrator violated due process by refusing to allow cross-examination of PNC's witness, Kristin Gilbreath, whose testimony was submitted via affidavit. Doc. 12 at 5–6. The FAA imposes no categorical right to cross-examination in arbitration. *See* FAA, 9 U.S.C. § 10(a)(3) (vacatur only for refusal to hear "pertinent and material" evidence). Here, the parties agreed to a documents-only proceeding under AAA Rule R-29 (Doc. 1 at 85, Ex. P-9), which expressly permits resolution without live testimony. Plaintiff's reliance on Fed. R. Civ. P. 26 is misplaced, as arbitration procedures need not mirror judicial rules. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 31 (1991) (arbitration may limit discovery so long as parties receive "fair opportunity to present their case").

Fifth, Plaintiff claims the arbitrator violated AAA Rules R-40 and R-41 by closing the hearing without confirming whether parties had additional evidence. Doc. 12 at 8. Rule R-40, however, applies only to hearings with live testimony, not documents-only proceedings governed by Rule R-29. Doc. 1 at 231, 235, Ex. P-23. The arbitrator's closure of the record after reviewing all submissions was consistent with the parties' agreed-upon procedure. Regarding the scope of the arbitration agreement, Plaintiff maintains that it covers all disputes with PNC. The arbitrator properly concluded, however, that the agreement applied only to Plaintiff's checking account and

not to the separate line of credit application that forms the basis of this dispute. Doc. 1 at 27-28, Ex. P-1. This determination was correct because no contractual relationship existed between the parties concerning the line of credit.

Finally, Plaintiff's demand for $10 million in exemplary damages fails because Texas law requires proof of actual damages as a prerequisite to exemplary damages. Tex. Civ. Prac. & Rem. Code § 41.004(a). The record contains no evidence that Plaintiff suffered any compensable harm from the denial of his credit application. Doc. 1 at 28, Ex. P-1.

Under 9 U.S.C. § 9, courts must confirm arbitration awards unless one of the limited grounds for vacatur under the FAA applies. The Final Award (Doc. 1 at 27-78, Ex. P-1) is final and binding under the parties' arbitration agreement and was properly issued in accordance with the FAA and AAA rules.

For these reasons, the Court **DENIES** Plaintiff's Petition to Vacate Arbitration Award and **GRANTS** PNC's Counterclaim to Confirm Arbitration Award. The November 11, 2024 Final Award (Doc. 1, Ex. P-1) is **CONFIRMED** in its entirety. The Clerk shall **CLOSE** this case.

**IT IS SO ORDERED**.

Signed at Houston, Texas on August 6, 2025.

_____
Keith P. Ellison
United States District Judge